**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALL RISK SHIELD, INC., a California corporation,<br><br>             Plaintiff,<br><br>     v.<br><br>ALL RISK FIRE ASSET MANAGEMENT, INC., a California corporation, GOLD COAST TREE SERVICE, INC., a California corporation, MICHAEL SOKOLOFF, an individual, LAYTHEM MARTINES, an individual, and DOES 1-10, inclusive,<br><br>             Defendants. | No. 2:26-cv-00527-AJR<br><br>**MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND (DKT. 10)** |

**I.**

**INTRODUCTION & PROCEDURAL HISTORY**

On October 10, 2025, Plaintiff All Risk Shield, Inc., a California corporation ("Plaintiff"), filed a complaint (the "Complaint") in the San Luis Obispo County Superior Court against Defendants, All Risk Fire Asset Management, Inc., a California corporation, Gold Coast Tree Services, Inc., a California corporation, Michael Sokoloff, an individual, Laythen Martines ("Martines"), an individual, and

DOES 1 through 10 (collectively, "Defendants").  (Dkt. 1-1.)  Plaintiff's Complaint alleges causes of action for: (1) Trademark Infringement and Counterfeiting; (2) False Designation of Origin and Unfair Competition; (3) Cybersquatting; (4) California Statutory Trademark Infringement; (5) California Unfair Competition; (6) Common Law Trademark Infringement and Unfair Competition; (7) Declaratory Relief; and (8) Injunctive Relief.  (Id. at 5-13.)

On October 27, 2025, Plaintiff effectuated service of the Complaint on Defendant All Risk Fire Asset Management, Inc. ("ARFAM").  (Dkt. 10 at 3.)  On November 10, 2025, Plaintiff effectuated service on Defendants Gold Coast Tree Service, Inc. and Michael Sokoloff on November 10, 2025.  (Id.)  On November 26, 2025, counsel for Defendants, Graham Van Leuven, emailed Plaintiff's counsel stating that his firm had "recently been retained to represent the four named defendants (All Risk Fire Management, Inc., Gold Coast Tree Service, Inc., Michael Sokoloff, and Laythen Martines) in this matter and . . . request[ed] an extension for the deadline for All Risk Fire Asset Management [to file a responsive pleading] until December 10, 2025."  (Dkt. 12-2 at 1.)  Mr. Van Leuven further stated that his "clients [were] willing to authorize [his firm] to accept service on behalf of the four named defendants and all four named defendants would appear on or before that date."  (Id.)  Plaintiff's counsel did not respond to Mr. Van Leuven's request to extend ARFAM's deadline to file a responsive pleading until December 10, 2025 by the close of business on November 26, 2025.  (Dkt. 12 at 3; Dkt. 12-3 at 5-7.)  Accordingly, later that day, Mr. Van Leuven filed an Answer to the Complaint on behalf of ARFAM.  (Dkt. 1-2.)

On December 11, 2025, Plaintiff's counsel sent an email to Mr. Van Leuven stating that he "expected that [Mr. Van Leuven] would be filing an answer yesterday, December 10, 2025, on behalf of" the remaining three Defendants, "Mr.

Sokoloff, Gold Coast Tree Services, Inc., and Mr. [Martines]."[1] (Dkt. 12-3 at 6.) Plaintiff's counsel further stated that "[w]hile Mr. [Martines] ha[d] not yet been served, [his] understanding [was] that [Mr. Ven Leuven] also represent[ed] him and intended to file an answer on his behalf on December 10, 2025 as well." (Id.) On that same day, Mr. Van Leuven clarified that the November 26, 2025 proposal had been *conditioned* on a timely extension response and that he did not have blanket authority to accept service on behalf of Defendant Martines at that time. (Dkt. 12 at 3; Dkt. 12-3 at 4-5.)

On December 17, 2025, Defendant Martines authorized Mr. Van Leuven and his firm to appear on his behalf and file a responsive pleading without requiring Plaintiff to complete personal service. (Dkt. 12-1 at 3.) Pursuant to that authorization, on December 17, 2025, Mr. Van Leuven filed an Answer on behalf of Defendant Martines, constituting Defendant Martines' first appearance in the state action. (Id.) On January 16, 2026, Defendant Martines filed the Notice of Removal of the action to the U.S. District Court for the Central District of California (the "Notice of Removal"). (Dkt. 1.)

On February 16, 2026, Plaintiff filed a Motion to Remand (the "Motion to Remand") this action to the San Luis Obispo County Superior Court. (Dkt. 10.) On March 2, 2026, Defendants filed an Opposition to the Motion to Remand (the "Opposition"). (Dkt. 12.) On March 9, 2026, Plaintiff filed a Reply in Support of the Motion to Remand (the "Reply"). (Dkt. 13.) The parties have consented to the jurisdiction of the undersigned U.S. Magistrate Judge. (Dkt. 7.)

For the reasons stated below, the Court DENIES Plaintiff's Motion to Remand. (Dkt. 10.) Because the Court has determined that the Motion to Remand must be denied, the Court resets the scheduling conference previously set for

---

[1] Plaintiff's counsel mistakenly referred to Mr. Martines as Mr. Watkins, but subsequently corrected himself. (See Dkt. 12-3 at 4-6.)

February 23, 2026 to occur on **July 27, 2026 at 1:30 p.m.** (Dkt. 8.) The parties are directed to file a joint Rule 26 Report with the schedule of proposed dates no later than **July 20, 2026**.

## II.

## LEGAL STANDARD

Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A defendant must remove the action within 30 days of being properly served with the initial pleading or summons. 28 U.S.C. § 1446(b)(2)(B). For multiple defendants, each defendant has 30 days from its own service date. 28 U.S.C. § 1446(b)(2)(B)-(C). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

A motion to remand based on a procedural defect must be made within 30 days of removal. 28 U.S.C. § 1447(c). To defeat a motion for remand, the removing party bears the burden of demonstrating it followed the proper removal procedures. See Moore-Thomas v. Ala. Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). The Court must resolve doubts regarding removability in favor of remand. See Jauregui v. Roadrunner Transp. Servs., 28 F.4th 989, 993 (9th Cir. 2022).

## III.

## DISCUSSION

It is undisputed that there was no formal service of process on Defendant

4

Martines to start the removal clock.  The question Plaintiff presents is whether Mr. Van Leuven had authority from Defendant Martines to accept service on his behalf on November 26, 2025.  (Dkt. 10 at 6-12.)  For the reasons discussed below, the Court concludes that Defendants have met their burden of demonstrating that the removal clock did not start until Defendant Martines' first appearance on December 17, 2025.  Accordingly, Defendant Martines' January 16, 2026 removal was timely.

Plaintiff contends that Defendant Martines received the Complaint through authorized counsel, on an unspecified date, in a manner that required him to act. (Id. at 8.)  Specifically, Plaintiff argues that Mr. Van Leuven's November 26, 2025 email started the removal clock because Mr. Van Leuven stated he was "retained to represent the four named defendants[,]" and that his "clients [were] 'willing to authorize' his firm to accept service for all four and appear on their behalf."  (Dkt. 13 at 3.)  Plaintiff's argument fails for several reasons.

Plaintiff relies on Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), for the proposition that Plaintiff did not need to effectuate formal service on Defendant Martines because Defendant Martines had "a duty to act" after "authorized" defense counsel received the Complaint.  (Dkt. 10 a 7-8.)  Relying exclusively on Mr. Van Leuven's November 26, 2025 email, Plaintiff contends that "Defendant Martines received the Complaint through authorized counsel and authorized a substantive response well more than thirty days before removal."  (Id. at 6-7.)

In Murphy Bros., the Supreme Court held that unless a named defendant agrees to waive service, formal service is required to trigger the removal period. Murphy Bros., 526 U.S. at 347-48 ("[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." (internal quotation marks omitted)).  The Supreme Court emphasized the

"bedrock principal" that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." Id. at 347.

Here, Plaintiff contends that Defendant Martines is bound by Mr. Van Leuven's representation that he was authorized to act on behalf of all defendants, including Defendant Martines, and that he would file a single Answer on behalf of all defendants. (Dkt. 10 at 8-9.) However, the email correspondence is clear that Mr. Van Leuven never agreed to waive service. Instead, Mr. Van Leuven stated that his "clients [were] willing to authorize [his firm] to accept service on behalf of the four named defendants and [that] all four named defendants would appear on or before that date." (Dkt. 12-2.) Mr. Van Leuven made an offer contingent upon Plaintiff extending the responsive pleading deadline from November 26, 2025 to December 10, 2025. (See id.) Plaintiff never accepted. (Dkt. 12-3.) Mr. Van Leuven made this abundantly clear in the subsequent email communications. (Id.) Accordingly, the Court concludes that Mr. Van Leuven never agreed to waive service on behalf of Defendant Martines.

Because Mr. Van Leuven never waived service on Defendant Martines, Plaintiff was required to effectuate formal service to start the removal clock. See Murphy Bros., 526 U.S. at 347-48 ("Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." (internal quotation marks omitted)). And because Plaintiff never effectuated formal service on Defendant Martines, the removal clock did not start until December 17, 2025, when Defendant Martines appeared in the action by filing an Answer. (See Dkt. 1-3.) Under California law, "[a] general appearance by a party is equivalent to personal service of summons on such party." Cal. Code Civ. Proc. § 410.50. An appearance is general if the party contests the merits of the case

"or raises other than jurisdictional objections." Fireman's Fund Ins. Co. v. Sparks Const., Inc., 114 Cal. App. 4th 1135, 1145 (2004) (filing an answer on the merits constitutes a general appearance).  Accordingly, because Defendant Martines made his initial appearance in state court on December 17, 2025, his Notice of Removal filed on January 16, 2026 was timely.  Moreover, pursuant to 28 U.S.C. § 1446(b)(2)(C), the earlier-served defendants were entitled to consent to Defendant Martines' timely Notice of Removal.

## IV.

## ORDER

Consistent with the foregoing, Plaintiffs' Motion to Remand is DENIED. (Dkt. 10.)  The Court resets the scheduling conference previously set for February 23, 2026 to occur on **July 27, 2026 at 1:30 p.m.**  (Dkt. 8.)  The parties are directed to file a joint Rule 26 Report with the schedule of proposed dates no later than **July 20, 2026**.

IT IS SO ORDERED.

DATED:  July 6, 2026

_____
HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE

7